# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 04-2662

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TEK NGO,

*Defendant-Appellant.*

_____

**Appeal from the United States District Court
for the Western District of Wisconsin.
No. 03-CR-110-C—Barbara B. Crabb**, *Chief Judge.*

_____

ARGUED MARCH 29, 2005—DECIDED MAY 3, 2005

_____

Before CUDAHY, WOOD and SYKES, *Circuit Judges.*

CUDAHY, *Circuit Judge.* Tek Ngo appeals his sentence of 210 months on the ground that the district court violated the Sixth Amendment by sentencing him as a career offender without presenting the facts underlying his prior convictions to a jury. He also argues, and the government concedes, that in light of the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the district court erred in applying the guidelines under the prior mandatory sentencing scheme. Because the district court engaged in factfinding beyond what is permitted under the

exception for "the fact of a prior conviction," we remand the case pursuant to *United States v. Paladino*, 401 F.3d 471, 484 (7th Cir. 2005), for the limited purpose of determining whether the district court's choice of sentence would have been different had it known that the application of the sentencing guidelines was not mandatory.

## I. Background

In April 2004 a jury found Ngo guilty of conspiracy to distribute and to possess with intent to distribute methamphetamine, 21 U.S.C. §§ 846, 841(a)(1), and distributing methamphetamine, *id.* § 841(a)(1). The presentence investigation report (PSR), prepared using the November 2003 guidelines, recommended a base offense level of 32 based on the quantity of drugs encompassed by Ngo's relevant conduct. *See* U.S.S.G. § 2D1.1(c)(4). The PSR further recommended that Ngo be sentenced as a career offender under U.S.S.G. § 4B1.1, based upon two prior convictions for armed robbery.

Ngo filed several written objections to the PSR. He first argued that he was not a career offender because his two armed robbery convictions were "related" and thus counted as just one prior conviction instead of the two needed to trigger the career offender guideline. *See* U.S.S.G. § 4A1.2(a)(2) ("Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence."); *id.,* cmt. n.3 (defining "related" cases); *see also* U.S.S.G. § 4B1.2(c) ("prior convictions" under § 4B1.2 include only those counted separately under § 4A1.1 and § 4A1.2). Next he argued that his criminal history category was III, not IV, if the career offender guideline did not apply. Ngo also objected to the drug quantity calculation in the PSR on the ground that it was based on information from unreliable sources. He did not advance any argument based on the Sixth Amendment or *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

At sentencing on June 23, 2004, the district court rejected the recommendation in the PSR and calculated a drug quantity that yielded a base offense level of 28 under § 2D1.1(c)(4). But this conclusion ultimately did not factor into Ngo's sentence because the court found that Ngo's prior armed robbery convictions were not consolidated for sentencing or part of a common scheme or plan and thus sentenced him as a career offender. As a career offender, Ngo's total offense level was 32 and his criminal history category a VI, *see* U.S.S.G. § 4B1.1, resulting in a guideline range of 210 to 240 months. The court sentenced Ngo to 210 months' imprisonment, three years of supervised release, and $200 in criminal assessments. The court noted that a sentence at the bottom of the guideline range was "sufficient to hold defendant accountable for his criminal actions and to protect the community."

In his opening appellate brief, Ngo argued that under *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), his sentence violates the Sixth Amendment because the district court made factual findings by a preponderance of the evidence that increased his guideline range. The parties then filed supplemental briefs after the Supreme Court decided *Booker*. In his supplemental brief, Ngo argues that his sentence violates the Sixth Amendment because the district court's determination that his prior convictions are "unrelated," *see* U.S.S.G. § 4A.1.2, cmt. n.3, encompassed more than the "fact of a prior conviction" and thus exceeded the judicial factfinding exception for recidivism recognized in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and preserved in *Apprendi*, 530 U.S. at 489-90. Ngo argues that even absent a Sixth Amendment violation he must be resentenced in light of the remedial opinion in *Booker*. The government maintains that Ngo's Sixth Amendment rights were not violated by the application of the career offender guideline but concedes that his sentence is erroneous under

*Booker* because the guidelines are no longer mandatory. The government urges this court to review for plain error, but Ngo challenges the contention that he forfeited his *Booker* argument and seeks plenary review of his sentence. He argues in the alternative that resentencing is required because his sentence was plainly erroneous.

## II.  Analysis

Before the Supreme Court's recent decision in *Shepard v. United States*, 125 S.Ct. 1254 (2005), Ngo's Sixth Amendment argument would have lacked merit. Neither the Supreme Court's decision in *Blakely* nor this court's opinion in *Booker* disturbed the principle that the "fact of a prior conviction" falls outside the *Apprendi* rule that facts increasing a sentence beyond the otherwise-applicable statutory maximum must be proved to a jury beyond a reasonable doubt. *See United States v. Pittman*, 388 F.3d 1104, 1109 (7th Cir. 2004). Accordingly, in *Pittman* we held that applying § 4B1.1 did not violate *Blakely* as interpreted by this court in *Booker* where the district court found by a preponderance of the evidence that the defendant was at least 18 years old at the time of his offense and that he had two prior convictions for drug trafficking. *Id.* In *Booker*, the Court again preserved the *Almendarez-Torres* exception for "the fact of a prior conviction." *Booker*, 125 S.Ct. at 758; *see Paladino*, 401 F.3d at 480; *United States v. Barnett*, 398 F.3d 516, 525 (6th Cir. 2005); *United States v. Shelton*, 400 F.3d 1325, 1329 (11th Cir. 2005).

Ngo argues that the district court's conclusion that he is a career offender entailed finding facts beyond the "fact of a prior conviction," namely, that his prior convictions were not consolidated for sentencing or part of a common scheme or plan. This court rejected a similar argument in *United States v. Morris*, 292 F.3d 1010 (7th Cir. 2002). In *Morris*, a defendant who was sentenced under the Armed Career

Criminal Act (ACCA), 18 U.S.C. § 924(e), argued that his sentence was unconstitutional under *Apprendi* because the government did not prove beyond a reasonable doubt that his prior convictions had been committed on separate occasions as required by the statute. *See* 18 U.S.C. § 924(e)(1). This court rejected the argument, noting that there was no precedent for "parsing out the recidivism inquiry." *Id.* at 1012.

Recently, however, the Supreme Court suggested that it may indeed be appropriate to "parse out" the recidivism inquiry, at least under the ACCA. *See Shepard*, 125 S.Ct. at 1257. In *Shepard* the question before the Court was whether a sentencing court can look to police reports or complaint applications to determine whether a prior guilty plea necessarily admitted a "generic" burglary (burglary of a building or structure) for the purposes of sentencing under the ACCA. *Id.* The Court declined to extend the scope of evidence that a judge already could consider under *Taylor v. United States*, 495 U.S. 575, 602 (1990), and held that a sentencing court is limited to examining the statute of conviction, charging document, plea agreement, plea transcript, and "any explicit factual finding by the trial judge to which the defendant assented." *Id.*

The *Almendarez-Torres* exception for prior convictions still stands after *Shepard* but the Court signaled that the purview of the exception is quite narrow. A plurality of the Court concluded that the disputed fact in *Shepard*— whether a prior conviction was for "generic" burglary—was "too removed from the conclusive significance of a prior judicial record . . . to say that *Almendarez-Torres* clearly authorizes a judge to resolve the dispute." *Id.* at 1262. This language suggests that the recidivism exception exempts only those findings traceable to a prior judicial record of "conclusive significance." Otherwise, Sixth Amendment concerns arise.

The government does not contest that the district court made factual findings in Ngo's case. Indeed, we have held that "whether a case has been 'consolidated' for trial or sentencing is a matter of fact." *United States v. Burford*, 201 F.3d 937, 942 (7th Cir. 2000). Likewise, we have suggested that whether prior crimes are part of a common scheme is also a fact question. *United States v. Brown*, 209 F.3d 1020, 1023 (7th Cir. 2000) (the "determination that certain prior sentences are not related is a factual one"). Even after *Booker*, however, we have not scrutinized factual findings of this sort because they have been assumed to fall within the *Almendarez-Torres* exception, and the government's position is that the sentencing judge is still privileged to make such findings. But after *Shepard*, the question arises whether the district court exceeded the scope of the prior conviction exception by deciding these facts on its own.

The finding that Ngo's crimes were not consolidated falls within the narrow parameters permitted by *Shepard*, i.e., those findings that can be made by resorting only to information with the "conclusive significance" of a prior judicial record. We have held that a sentencing judge may not conclude that consolidation occurred unless there is a formal order of consolidation or "a showing *on the record of the sentencing hearing* that the sentencing judge considered the cases sufficiently related." *United States v. Best*, 250 F.3d 1084, 1095 (7th Cir. 2001) (citation omitted and emphasis added). Our precedent accordingly requires that a district court decide a disputed consolidation question by resorting to a formal order or a sentencing transcript, both sources that presumably have "the conclusive significance of a prior judicial record" as required by *Shepard*. No Sixth Amendment problem results because a district court must effectively conclude that prior cases are not consolidated unless the defendant produces the kind of evidence that could be considered under *Shepard*.

However, a similar analysis does not apply with regard to

the district court's finding that Ngo's crimes were not part of a common scheme or plan. Crimes are considered part of joint scheme when they were jointly planned or when one crime necessarily entails the commission of the other. *Id.*; *United States v. Joy*, 192 F.3d 761, 771 (7th Cir. 1999). In Ngo's case, the district court looked to the fact that the robberies were committed 10 days apart in deciding that they were not jointly planned, concluding that the elapsed time between the crimes outweighed the fact that the crimes were "committed the same way." The court also relied on the "different nature of the commercial establishments" that Ngo burglarized. This latter finding—the type of establishment that was burglarized—is nearly identical to the one that the Court considered in *Shepard. See* 125 S. Ct. at 1257-58. And because it was determined by resorting to sources of information without the "conclusive significance" of a prior judicial record, it was not "clearly authorized" by *Almendarez-Torres. Id.* at 1262. Likewise the district court's factual finding that Ngo's prior convictions were not part of a common scheme or plan was not authorized by *Almendarez-Torres*, and because the finding was used to increase Ngo's guideline range, his sentence violates the Sixth Amendment.[1]

Although the government maintains that Ngo's sentence does not violate the Sixth Amendment, it concedes that the district court nevertheless committed error under *Booker* by

---

[1] The problem presented by *Shepard* arises in cases like Ngo's where sentencing occurred under the mandatory guidelines system, but it will not arise in future guidelines cases in light of *Booker*'s remedial opinion. The Sixth Amendment implications of judicial factfinding have now been cured by *Booker* with respect to *guidelines* sentencing because the guidelines are no longer binding. But no such cure exists with respect to statutory enhancements— such as the one applied in *Shepard*—which mandate higher sentences and leave no discretion to the judge.

sentencing Ngo under the now-defunct mandatory guidelines scheme. *See, e.g., United States v. Schlifer*, No. 04-3398, 2005 WL 774914 (7th Cir. Apr. 7, 2005). However, the distinction is of little import here, because we have decided that Ngo's sentence is erroneous because it was based upon impermissible factfinding.

The government urges the court to review the sentence for plain error because Ngo forfeited his *Booker* argument by not making the appropriate objections in the district court. Indeed, Ngo did not make any objection relating to the district court's authority to determine whether he was a career offender; he simply argued that the guideline should not apply. Ngo insists that any objection in the district court would have been frivolous given the state of the law before *Blakely*. This court's recent decisions make clear, however, that a defendant who does not make a Sixth Amendment argument in the district court is entitled to have his sentence reviewed for plain error only. *See United States v. Lee*, 399 F.3d 864, 866 (7th Cir. 2005); *Paladino*, 401 F.3d at 481.

Before an appellate court can correct forfeited error, there must be (1) error, (2) that is "plain" and (3) that affects substantial rights. *United States v. Cotton*, 535 U.S. 625, 631 (2002); *United States v. Stewart*, 388 F.3d 1079, 1090 (7th Cir. 2004). Even then, the court should not correct the error unless it seriously affects the fairness, integrity, or public reputation of judicial proceedings, *Stewart*, 388 F.3d at 1079, which is often taken to mean that the error effectuates a "miscarriage of justice," *Paladino*, 401 F.3d at 481. The first two prongs are met in Ngo's case. His sentence violates the Sixth Amendment because the court found facts without a jury and used them to increase Ngo's guideline range. And as the parties agree, the district court also erred by applying the guidelines in a mandatory fashion. The error is also "plain," as it is " 'clearly contradictory to the law at the time of appeal.' " *United States v. Noble*, 246 F.3d 946, 955 (7th Cir. 2001) (quoting *Johnson v. United States*,

520 U.S. 461, 468 (1997)).

Next, the sentencing error affected Ngo's substantial rights if it was prejudicial, i.e., if the outcome would have been different without the error. *United States v. Olano*, 507 U.S. 725, 734 (1993); *United States v. Shearer*, 379 F.3d 453, 456 (7th Cir. 2004). In *Paladino*, we noted that determining whether the outcome would have differed is problematic without some indication from the district court that its choice of sentence was (or was not) affected by its belief that the guidelines were mandatory. In some cases the record will provide assurances that the sentencing judge did not impose a longer sentence because of the guidelines. *See Paladino*, 401 F.3d at 482-83; *Lee*, 399 F.3d at 866-67. This is not such a case. Here, the district court sentenced Ngo to the lowest term available under the applicable guideline range and noted that his career offender status had "greatly increased" his sentence. Nothing in the record suggests that the district court would have imposed the same sentence had it known that it was not bound by the guidelines. Accordingly, we will retain jurisdiction over the case but order a LIMITED REMAND to the district court in keeping with the procedure outlined in *Paladino.*

A true Copy:

      Teste:

                          _____
                          *Clerk of the United States Court of*
                          *Appeals for the Seventh Circuit*