**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted July 30, 2004
Decided June 7, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 03-2425

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | |
| | No. 02 CR 432 |
| JOSE VALLEJO, | |
| *Defendant-Appellant*. | David H. Coar, |
| | *Judge*. |

## O R D E R

Defendant-Appellant Jose Vallejo petitions for a rehearing of our decision to affirm his sentence.  We deny the petition, but find that the district judge's one-point sentencing enhancement for possession of a firearm in connection with a crime of violence pursuant to the United States Sentencing Guidelines was in violation of *United States v. Booker*, 125 S.Ct. 738 (2005).  Furthermore, while the district judge's application of 18 U.S.C. § 922(e)(1), the Armed Career Criminal Act ("ACCA"), did not violate Vallejo's Sixth Amendment rights, the district judge's compulsory application of the Guidelines constituted error under *Booker*.  Therefore, we vacate Vallejo's sentence and remand for resentencing.

A jury convicted Vallejo of two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Because Vallejo had five prior convictions for armed robbery, the district judge sentenced him as an armed career criminal pursuant to the ACCA and the applicable Guidelines provisions.  In calculating Vallejo's sentence, the district judge added three criminal history points for each prior conviction pursuant

to U.S.S.G. §§ 4A1.1(a) and 4A1.2(a)(2). Furthermore, the district judge found that Vallejo qualified for an additional one-point enhancement under U.S.S.G. § 4B1.4(b)(3)(A) for possessing the firearm in connection with crimes of violence–in this case, assault. The ACCA required a sentence of "not less than fifteen years." 18 U.S.C. § 924(e)(1). The district judge sentenced Vallejo to 262 months' imprisonment, which was at the very bottom of the range then mandated by the Guidelines.

Vallejo argues that the enhancements that the district judge imposed upon his sentence were based upon findings of fact not made by the jury and therefore were in violation of *Booker*. Vallejo preserved these arguments when he advanced his *Apprendi*-based objections before the district court. The issue is whether the sentence that the district judge imposed was erroneous in light of *Booker* and, if so, whether the error was harmless. *See United States v. Schlifer*, 403 F.3d 849, 853-54 (7th Cir. 2005). In *Booker*, the Supreme Court reaffirmed its ruling in *Apprendi* that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S.Ct. at 756. The Court also severed the mandatory language of the Guidelines, rendering them advisory. *See id.* at 764.

We agree with Vallejo that his one-point enhancement for possession of a firearm in connection with a crime of violence violated his Sixth Amendment rights because the jury had not found that an assault had occurred and Vallejo had never admitted to committing an assault. *Booker*, 125 S.Ct. at 756. Rather, the district judge made that finding by a preponderance of the evidence, which is no longer legitimate after the *Blakely* and *Booker* rulings. As a result, Vallejo was sentenced pursuant to an increased Guidelines range. In light of the comments made by the district judge suggesting that the Guidelines mandated an excessive sentence and the fact that Vallejo was given the absolute minimum sentence in the mandated range, the error of imposing the one-point enhancement was not harmless.

Vallejo also challenges the district judge's application of the ACCA. Vallejo argued at sentencing that his five prior convictions for armed robbery were related for purposes of the ACCA because the prior sentencing court had treated those crimes as consolidated and because those crimes were part of a common scheme or plan. Prior sentences imposed in related cases are treated as one sentence, not several, for purposes of generating the defendant's criminal history category under the Guidelines. This criminal history calculation helped drive the sentencing range that the district judge was bound to follow. The district judge, however, was unpersuaded by Vallejo's argument; he found that the prior crimes were unrelated and sentenced Vallejo accordingly. Vallejo argues here that this factual finding by the district judge violated his Sixth Amendment rights as they were interpreted by the Supreme Court in *Booker* and *Shepard v. United States*, 125 S.Ct. 1254 (2005). In *Shepard*, the Supreme Court held that a sentencing judge's inquiry under the ACCA to determine whether a plea

of guilty to burglary defined by a non-generic statute admits elements of a generic offense "is limited to the terms of the charging document, the terms of the plea agreement or transcripts of colloquy between judge and defendant in which the factual basis for the plea is confirmed by the defendant, or to some comparable judicial record for this information." *Shepard*, 125 S.Ct. at 1263; *see also United States v. Ngo*, No. 04-3398, 2005 WL 1023034, at *3 (7th Cir. May 3, 2005). In other words, a judge's findings concerning a defendant's criminal history must be "traceable to a prior judicial record of 'conclusive significance'." *Ngo*, 2005 WL 1023034, at *3 (quoting *Shepard*, 125 S.Ct. at 1262). A sentencing judge making such findings of fact cannot rely upon police reports or complaint applications. *See Shepard*, 125 S.Ct. at 1260-61; *see also Ngo*, 2005 WL 1023034, at *3.

We recently addressed the effect of *Shepard* in *United States v. Ngo*. In *Ngo*, we clarified that *Booker* did not disturb the principle that judges can find facts concerning a defendant's recidivism without running afoul of *Apprendi*. *Ngo*, 2005 WL 1023034, at *2. While *Shepard* narrowed the scope of this inquiry, it did not prohibit a sentencing judge from determining whether prior crimes were consolidated. *Id.* at *3. This is because a finding of consolidation, as a rule, "can be made by resorting only to information with the 'conclusive significance' of a prior judicial record." *Id.* A sentencing judge's finding of fact that prior crimes were consolidated can be based only upon a formal order of consolidation or a reference in a sentencing transcript that the prior judge had considered the cases consolidated. *Id.* (citing *United States v. Best*, 250 F.3d 1084, 1095 (7th Cir. 2001)). Since there had been no such formal order and the sentencing transcript made no indication that the prior judge had understood the cases to have been functionally consolidated, the district judge was compelled to rule that the cases were not consolidated. Therefore, the district judge made the type of factual finding that *Booker* and *Shepard* permit.

*Ngo* also suggested that a sentencing judge may make findings of fact as to whether prior crimes arose from a common scheme or plan so long as those findings are based upon sources authorized by *Shepard*. *See id.* Crimes are part of a common scheme "when they are jointly planned or when one crime necessarily entails the commission of the other." *Id.* at *4. In *Ngo*, the sentencing judge erred by relying upon police reports and complaint applications–sources prohibited by *Shepard*–to determine whether the prior crimes were born of a common scheme. *Id.* The situation here is different. The district judge in this case based his findings explicitly on a passage from one of Vallejo's prior written plea agreements which read, "[I]n the middle of November, [Vallejo] and his two friends . . . decided to stick people up for money." Sentencing Transcript at 14. Since *Shepard* considers plea agreements to be judicial records of conclusive significance, the district court's reliance upon a plea agreement to find that Vallejo's five prior armed robberies were not conceived as a common scheme raises no Sixth Amendment concerns.

Nevertheless, this court has ruled that the mandatory application of the Guidelines constitutes error regardless of whether the defendant's Sixth Amendment rights were violated. *United States v. Castillo*, Nos. 02-3584 & 02-4344, 2005 WL 1023029, at *10 (7th Cir. May 3, 2005); *United States v. White*, No. 03-2875, 2005 WL 1023032, at *7 (7th Cir. May 3, 2005); *Schlifer*, 403 F.3d at 853. Because Vallejo preserved his *Apprendi*-based objection before the district court, his sentence must be vacated unless the government can show that the error was harmless. *Schlifer*, 403 F.3d at 854. As we mentioned, the district judge expressed concern about imposing a sentence within the range mandated by the then-compulsory Guidelines, and the 262-month sentence that he ultimately imposed was at the very bottom of the range mandated by the Guidelines (but still well above the 180-month minimum sentence mandated by the ACCA). The government has failed to offset this evidence that the error was not harmless with proof that the district court would have given the same sentence had the Guidelines been merely advisory. Therefore, Vallejo's sentence is vacated, and we remand for resentencing.

Vallejo also repeats the argument he made on appeal that the ACCA and U.S.S.G. § 4B1.4(b)(3) violate the Commerce Clause. We saw no merit in this argument before; while Congress must have a commerce nexus to pass criminal statutes, it may prescribe a sentence for violation of that statute without once again demonstrating a commerce nexus. *United States v. Vallejo*, 373 F.3d 855, 861 (7th Cir. 2004). Because the Supreme Court's rulings in *Blakely* and *Booker* do not alter our analysis, we decline the offer to reconsider the issue.

Therefore, we DENY the petition for rehearing, but VACATE Vallejo's sentence and REMAND for resentencing consistent with *Booker* and this Order.