**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 10, 2006[*]
Decided February 13, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-1421

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 04 CR 140 |
| KEITH A. POPHAL, *Defendant-Appellant.* | Barbara B. Crabb, *Chief Judge.* |

**O R D E R**

Police officers in Merrill, Wisconsin, found firearms and ammunition in Keith Pophal's truck during a traffic stop.  After they determined that Pophal was a felon, they arrested him.  Pophal later pleaded guilty in federal court to possession of a firearm by a felon.  *See* 18 U.S.C. § 922(g)(1).  He acknowledged in his plea agreement, and was admonished during the plea colloquy, that he faced at least 15

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

years' imprisonment under the Armed Career Criminal Act, 18 U.S.C. § 924(e), if he had three prior felony convictions for either a serious drug offense or crime of violence, *see id.* § 924(e)(2)(A), (B). The probation officer concluded that Pophal indeed had three qualifying convictions, and calculated an imprisonment range of 180 to 199 months using the career offender guideline. *See* U.S.S.G. § 4B1.1. The district court accepted the probation officer's findings with no objection, and accordingly sentenced Pophal to 180 months, the statutory minimum. *See* 18 U.S.C. § 924(e)(1).

On appeal Pophal contends that his sentence was improperly enhanced under § 924(e) because the qualifying prior convictions were not alleged in the indictment and neither admitted by him nor proven to a jury. Pophal did not make this argument to the district court; to the contrary, in his plea agreement he "consent[ed] to judicial factfinding, by a preponderance of the evidence, of all sentencing adjustments." That language would appear to doom Pophal's argument. *See United States v. Lewis*, 405 F.3d 511, 513 (7th Cir. 2005); *United States v. Briggs*, 291 F.3d 958, 964 (7th Cir. 2002). Regardless, Pophal candidly acknowledges that the Supreme Court has rejected his argument, *see Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998); *United States v. Williams*, 410 F.3d 397, 401-02 (7th Cir. 2005), *United States v. Harris*, 394 F.3d 543, 560 (7th Cir. 2005); *United States v. Collins*, 272 F.3d 984, 987 (7th Cir. 2001), and that he makes the argument here only to preserve it for possible review by the Supreme Court. Until that time, however, we are bound by *Almendarez-Torres. See, e.g., United States v. Pittman*, 418 F.3d 704, 709 (7th Cir. 2005); *Williams*, 410 F.3d at 402; *United States v. Tek Ngo*, 406 F.3d 839, 842-43 (7th Cir. 2005).

AFFIRMED.