**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 28, 2006[*]
Decided March 29, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-3124

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 04 CR 609-1 |
| VITO BARBOSA, *Defendant-Appellant.* | Milton I. Shadur, *Judge.* |

**ORDER**

Vito Barbosa was indicted for possession of a firearm by a felon.  *See* 18 U.S.C. § 922(g)(1).  He pleaded guilty, and the probation officer who prepared the presentence investigation report recommended that Barbosa be sentenced to a

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

minimum term of 180 months' imprisonment under the Armed Career Criminal Act because of his multiple prior convictions. *See id.* § 924(e)(1). During the plea colloquy, Barbosa would not concede his status as an armed career criminal. The district court nonetheless found at sentencing that Barbosa had two prior convictions for burglary of a building, which is a violent felony, and another conviction for possession with intent to distribute cocaine, which is a serious drug offense. *See id.* § 924(e)(2). Accordingly, the court sentenced Barbosa to 180 months' imprisonment.

Barbosa's only argument on appeal is that the Sixth Amendment was violated because his prior convictions were not proved to a jury beyond a reasonable doubt. He admits that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), rejects this argument, but he contends that in *Shepard v. United States*, 125 S. Ct. 1254 (2005), the Supreme Court "eroded" *Almendarez-Torres* to the point that it no longer is good law. But *Almendarez-Torres* has not been overruled, and it is for the Supreme Court, not us, to decide when or if it will be. *See Shepard*, 125 S. Ct. at 1262-63 (plurality opinion); *id.* at 1269-70 (O'Connor, J., dissenting); *see also United States v. Browning*, 436 F.3d 780, 782 (7th Cir. 2006); *United States v. Williams*, 410 F.3d 397, 402 (7th Cir. 2005); *United States v. Ngo*, 406 F.3d 839, 842 (7th Cir. 2005). Barbosa's counsel makes this argument solely to preserve it for presentation to the Supreme Court, and he has now done so.

AFFIRMED.