NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued September 25, 2006
Decided June 12, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*


No. 05-4196

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br><br>v.<br><br>JOSE VALLEJO,<br>*Defendant-Appellant.* | Appeal from the United States District<br>Court for the Northern District<br>of Illinois, Eastern Division.<br><br>No. 02-CR-432<br><br>David H. Coar,<br>*Judge.* |


### O R D E R

This appeal concerns the sentence that Jose Vallejo received for the offense of possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g). Initially, the district court imposed a sentence of 262 months' imprisonment, but on Vallejo's first appeal this court vacated that sentence and remanded for resentencing in light of *United States v. Booker,* 543 U.S. 220 (2005). See *United States v. Vallejo,* 134 Fed. Appx. 90, 92 (7th Cir. 2005) (*Vallejo I*). On remand, the district court held a new sentencing hearing, after which it imposed the same sentence of 262 months.

Vallejo appeals again, this time claiming first that the court made certain errors in computing his advisory sentencing guideline range, and second that the district court mistakenly thought that it could not impose a sentence below the advisory guidelines unless Vallejo rebutted a presumption of reasonableness. While we see no reversible error in the court's calculation of the advisory range, we conclude that the court erred when it assumed that it was bound by a presumption of reasonableness and it could not deviate from the guidelines sentence unless Vallejo met an extra burden of persuasion. We therefore vacate Vallejo's sentence again and remand for resentencing.

The facts underlying Vallejo's conviction can be summarized briefly. On August 24, 2001, Vallejo was driving his red Cougar, with some passengers. Vallejo's Cougar and several other cars converged near the home of a friend of a young man named Anthony Ocasio, apparently in some kind of gang show-down. Vallejo and his group got out of their cars, brandishing guns. Matters escalated at that point: Vallejo pointed his gun at a man who had just come out of a nearby house; Vallejo then hit Ocasio with his gun; he broke the windshield of Ocasio's car with the gun; and he fled in his own car, firing into the air as he left. Shortly thereafter, Ocasio and the other man called 911 and were helped by a Chicago police officer. The officer found a fired cartridge casing at the nearby intersection. About a week later, Vallejo, again in the red Cougar, shouted an apparent threat at two passers-by. One of them notified the police of the harassment. Vallejo was arrested and taken into custody, and eventually he was linked to the earlier shooting. He was tried before a jury, which found him guilty, and sentenced as we have already described.

The first argument Vallejo makes on appeal is one that we have rejected repeatedly: he claims that the Fifth Amendment always requires that factual findings made to support an enhancement under the Sentencing Guidelines be supported by proof beyond a reasonable doubt. It requires no such thing, as long as the finding relates only to the guideline range and not the statutory maximum. See *United States v. Dean,* 414 F.3d 725, 730 (7th Cir. 2005); *United States v. Robinson*, 435 F.3d 699, 701 (7th Cir. 2006) (noting that calculating the appropriate advisory guidelines range is "no different now than it was before *Booker* . . . . District judges must resolve disputed factual issues, determine relevant conduct by a preponderance of the evidence, and apply the appropriate sentence enhancements in order to compute the advisory guidelines sentence range." (internal citations omitted)).

Vallejo's second argument, however, has merit. The district court's remarks at sentencing show that the court explicitly rejected the argument that the presumption of reasonableness that was discussed in *United States v. Mykytiuk,* 415 F.3d 606 (7th Cir. 2005), was directed toward appellate review only. Counsel for Vallejo respectfully suggested that the court was mistaken, and that the court was free, once it had

properly calculated the advisory guideline range, to select any sentence consistent with the factors set out in 18 U.S.C. § 3553(a). But the court held that unless the defendant could rebut the reasonableness of the advisory guideline sentence, then the district court was required to impose that sentence.

At the time the district court ruled, the decisions of this court were unfortunately not as clear or consistent as they should have been on this point. As we have since had occasion to stress, however, *Mykytiuk* addressed only the approach that a court of appeals should take to a sentence selected by a district court. We did not have before us a claim that *district judges* ought to apply any kind of presumption in favor of a guidelines sentence, nor did we mean to endorse that idea. Recent decisions have, we hope, eliminated whatever confusion existed. As we said in *United States v. Gama-Gonzales,* "To say that a sentence within the range presumptively is reasonable is *not* to say that district judges ought to impose sentences within the range. See *United States v. DeMaree,* 459 F.3d 791, 794-95 (7th Cir.2006). It is only to say that, *if* the district judge does use the Guidelines, then the sentence is unlikely to be problematic." 469 F.3d 1109, 1110 (7th Cir. 2006). As we put it in *Demaree:*

> The judge is not required – or indeed permitted, *United States v. Brown,* 450 F.3d 76, 81-82 (1st Cir.2006) – to "presume" that a sentence within the guidelines range is the correct sentence and if he wants to depart give a  reason why it's not correct. All he has to do is consider the guidelines and make sure that the sentence he gives is within the statutory range and consistent with the sentencing factors listed in 18 U.S.C. § 3553(a).

459 F.3d at 794-95.

Because the district court believed that its discretion to select a reasonable sentence was more constrained than it was, we VACATE the sentence and REMAND for further proceedings. By the time the district court takes up this matter, it is likely that the Supreme Court will have handed down its decision in *Rita v. United States,* --- U.S. ---, 127 S.Ct. 551, 855, 166 L.Ed.2d 406 (*cert. granted,* Nov. 3, 2006) (raising question whether any presumption of reasonableness is consistent with *Booker*). Needless to say, the district court should take whatever new guidance the Supreme Court provides as its starting point in the resentencing process.