NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted December 18, 2008
Decided December 30, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 08-1531

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | |
| | No. 02-CR-432 |
| JOSE VALLEJO, | |
| *Defendant-Appellant*. | David H. Coar, |
| | *Judge*. |

**O R D E R**

This is the third appeal that defendant Jose Vallejo has brought before this court. As before, Vallejo would like to challenge the sentence he received for the offense of possessing a firearm after being convicted of a felony in violation of 18 U.S.C. § 922(g). Initially, the district court imposed a sentence of 262 months' imprisonment, three years' supervised release, a $200 special assessment, and a $2,500 fine. This court affirmed. See *United States v. Vallejo*, 373 F.3d

855 (7th Cir. 2004) (*Vallejo I*). After that decision, while Vallejo's petition for rehearing was pending, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). Based on *Booker*, we vacated Vallejo's sentence and remanded for resentencing. *United States v. Vallejo*, 134 F. App'x. 90 (7th Cir. 2005) (*Vallejo II*). On remand, the district court held a new sentencing hearing, after which it imposed the same sentence of 262 months. Vallejo appealed again, claiming among other things that the court mistakenly thought that it could not impose a sentence below the one recommended by the U.S. Sentencing Guidelines unless Vallejo rebutted a presumption of reasonableness. Finding merit in that argument, we vacated Vallejo's sentence and remanded for resentencing. See 226 F. App'x. 607 (7th Cir. 2007) (*Vallejo III).*

In between Vallejo's second sentencing hearing and this court's decision in *Vallejo III,* the government filed a motion under FED. R. CRIM. P. 35, seeking a reduction in Vallejo's sentence based on substantial assistance. The district court took up that motion at the same time as the second resentencing hearing. After that hearing, it granted the government's motion and reduced Vallejo's prison term to 190 months. The revised judgment was filed on February 7, 2008, and Vallejo filed a timely notice of appeal.

This time, however, appointed counsel has filed a no-merit brief in accordance with *Anders v. California,* 386 U.S. 738 (1967), seeking leave to withdraw as counsel. We invited Vallejo under Circuit Rule 51(b) to comment on his lawyer's brief, and subsequently granted Vallejo's motion for more time, but Vallejo has chosen not to file a response. We therefore consider only those potential issues identified by counsel. See *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

The facts underlying Vallejo's conviction can be found in our opinion in *Vallejo I* and the earlier orders in this case. At this point, the only relevant question is whether any argument challenging Vallejo's new, lower sentence would be frivolous. Counsel concludes that it would be, and we share that assessment. In *Vallejo I,* this court affirmed the district court's decision that Vallejo was an armed career criminal who belonged in offense level 34 and who had a criminal history category VI. Neither remand permitted reconsideration of those conclusions, and it would therefore be frivolous for Vallejo to attempt to reopen them at this time.

Only two questions remain: first, whether the district court committed any procedural error in its consideration of the Rule 35 motion, and second, whether Vallejo's revised sentence of 190 months is unreasonable. Taking the Rule 35 motion first, we are satisfied that no procedural challenge is possible. After listening to Vallejo's arguments for a lower sentence, based on his cooperation and his efforts to turn around his life, the district court responded with a significant reduction – one of 72 months, far more than the 40-month reduction the government had sought. The court acknowledged that it had the authority to impose an even lower sentence than the 190 months it chose – even one below the otherwise mandatory

minimum of 180 months – but that it thought that anything below 190 months would not reflect the negatives in Vallejo's record, including his 12-day rash of armed robberies when he was 18 years old. As appellate counsel points out, the fact that Vallejo's trial counsel may have thought, erroneously, that the district court could not go below 180 months does not create an appealable issue. First, there is nothing to suggest that the district court was under that misapprehension, and thus nothing to indicate that it would have selected a lower sentence than it did. Second, to the extent that this point relates to ineffectiveness of counsel, it is better raised through a motion under 28 U.S.C. § 2255.

That leaves only the question whether any responsible argument that Vallejo's 190-month sentence was unreasonable could be offered. We agree with appellate counsel that the answer is no. Vallejo has ended up with a sentence substantially lower than the bottom of his advisory guidelines range, which was 262 to 327 months, given his armed career criminal status. The district court offered a satisfactory explanation of its choice of sentence; any argument that it was unreasonable would be doomed. See *Gall v. United States,* 128 S.Ct. 586 (2007); *Rita v. United States,* 127 S.Ct. 2456 (2007).

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.