

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-19-2006

# USA v. McKoy

Precedential or Non-Precedential: Precedential

Docket No. 05-2461

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. McKoy" (2006). *2006 Decisions*. Paper 792.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/792

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-2461
_____

UNITED STATES OF AMERICA

v.

RICARDO MCKOY,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Crim. Action No. 04-cr-00205
(Honorable Anne E. Thompson)

_____

Submitted Under Third Circuit LAR 34.1(a)
April 25, 2006

Before: FUENTES, STAPLETON, and ALARCÓN,[*] *Circuit
Judges*.

(Filed: June 19, 2006)

David E. Schafer, Esquire
Julie A. McGrain, Esquire
Office of Federal Public Defender
22 South Clinton Avenue
Station Plaza #4, 4th Floor
Trenton, New Jersey 08609

---

[*]The Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

Counsel for Appellant

George S. Leone, Esquire
Office of United States Attorney
970 Broad Street, Room 700
Newark, New Jersey 07102

Counsel for Appellee

_____

OPINION OF THE COURT
_____

ALARCÓN, *Circuit Judge*.

Ricardo McKoy appeals from the District Court's order sentencing him to the ten-year statutory minimum for conspiracy to distribute and possess with intent to distribute crack cocaine. He contends that the District Court erred in failing to sentence him below the statutory minimum pursuant to 18 U.S.C. § 3553(f). We affirm.

**I**

On January 20, 2005, Mr. McKoy pled guilty to conspiracy to distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 846. Mr. McKoy stipulated that the amount of cocaine base involved in the conspiracy was between 50 and 150 grams. This amount triggered a minimum sentence of ten years under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

The Presentence Report ("PSR") calculated a sentencing range of 108 to 135 months under the United States Sentencing Guidelines. The ten-year statutory minimum raised this range to 120 to 135 months. 21 U.S.C. § 841(a)(1), (b)(1)(A). The PSR concluded that Mr. McKoy was not eligible for relief from the ten-year mandatory minimum pursuant to § 3553(f). The PSR indicated that Mr. McKoy had four criminal history points based on adjudications of juvenile delinquency. Mr. McKoy had received varying combinations of probation, fines, community service and counseling at juvenile court proceedings. Had he not

received the criminal history points for his juvenile dispositions, Mr. McKoy would have qualified for relief under § 3553(f).

The District Court imposed the statutory minimum sentence of 120 months on April 29, 2005. The District Court noted that it was bound by the statutory minimum, but for which it would have imposed a lower sentence. Mr. McKoy filed a timely notice of appeal on May 5, 2005. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## II

Mr. McKoy argues that the District Court incorrectly treated his juvenile court dispositions as "sentences" for purposes of calculating his criminal history points. He also contends that under New Jersey law, his juvenile dispositions were "diversions," which are excluded from the criminal history calculation pursuant to U.S.S.G. § 4A1.2(f). Finally, he argues that the District Court erred in concluding that it did not have the discretion, under *United States v. Booker*, 543 U.S. 220 (2005), to impose a sentence below the statutory minimum. Our review of the District Court's interpretation of the Sentencing Guidelines and constitutional questions is plenary. *United States v. Lennon*, 372 F.3d 535, 538 (3d Cir. 2004). We review the District Court's finding of facts for clear error. *Id.*

Under § 3553(f), "the court shall impose a sentence pursuant to the guidelines promulgated by the United States Sentencing Commission . . . without regard to any statutory minimum sentence" when certain conditions are met. One condition is that the defendant must "not have more than 1 criminal history point, as determined under the sentencing guidelines." *Id.* at § 3553(f)(1). The Sentencing Guidelines in turn instruct the courts to assign "1 [criminal history] point under § 4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense." U.S.S.G. § 4A1.2(d)(2)(B).

3

**A**

Mr. McKoy first argues that his juvenile record consists only of "dispositions," not "sentences." "Under the New Jersey Code of Juvenile Justice, juveniles who are adjudicated delinquent *are not sentenced* but rather are subject to a 'dispositional hearing.'" *United States v. Moorer*, 383 F.3d 164, 169 n.3 (3d Cir. 2004) (citing N.J. Stat. Ann. § 2A:4A-41) (emphasis added). Mr. McKoy argues that under the plain language of the Sentencing Guidelines, only prior sentences bar relief under § 3553(f). *See* U.S.S.G. § 4A1.2(a)(1), (d)(2)(B).

Mr. McKoy's argument is flawed because it relies on state law terminology. In determining what constitutes a "prior sentence" under the Sentencing Guidelines, courts must look to federal, not state law. *See, e.g., United States v. Morgan*, 390 F.3d 1072, 1074 (8th Cir. 2004); *United States v. Williams*, 176 F.3d 301, 311 (6th Cir. 1999); *United States v. Gray*, 177 F.3d 86, 93 (1st Cir. 1999).

This Court held in *United States v. Bucaro*, 898 F.2d 368 (3d Cir. 1990), that a defendant's Pennsylvania state adjudications of juvenile delinquency may be used to calculate his sentencing range under the Sentencing Guidelines, even though "Pennsylvania does treat an adjudication of juvenile delinquency differently from a criminal conviction." *Id.* at 370, 372. Similarly, in *Williams*, 176 F.3d at 301, the defendant argued that "his juvenile convictions should not have been counted toward his total criminal history score under the Sentencing Guidelines because Ohio law does not consider these violations to be 'convictions' or 'sentences.'" *Id.* at 311. The Sixth Circuit reasoned that federal, not state law, governs how a juvenile adjudication is treated. It held that "[r]egardless of how [the defendant's] offenses of assault and manslaughter are categorized under Ohio law, they are considered sentences under federal law." *Id.*; *see also United States v. Kirby*, 893 F.2d 867, 868 (6th Cir. 1990) (per curiam) (same).

Under federal law, "prior sentence" is defined as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). For offenses

4

committed before the age of eighteen, only

> those that resulted in adult sentences of imprisonment exceeding one year and one month, or resulted in imposition of an adult or juvenile sentence or release from confinement on that sentence within five years of the defendant's commencement of the instant offense are counted.

*Id.* at n.7. The Guidelines explicitly include offenses committed before the age of eighteen and instruct courts to:

> (A) add 2 points under § 4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense; (B) add 1 point under § 4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense not covered in (A).

*Id.* § 4A1.2(d). The Application Notes to the Sentencing Guidelines explain that § 4A1.2(d) is intended to reduce disparity caused by varying state juvenile systems and varying availability of juvenile records among the states. *Id.* at n.7. The Sentencing Guidelines intended to encompass all juvenile offenses meeting the criteria of § 4A1.2(d).

Accepting Mr. McKoy's argument would undermine the larger goal of the Sentencing Guidelines to accomplish uniformity in sentencing. As the Government correctly points out, if New Jersey juvenile court "dispositions" are not treated as "sentences" under the Sentencing Guidelines, defendants would be immune from receiving criminal history points for juvenile offenses committed in New Jersey, yet would receive points for juvenile offenses committed in other states.

5

The District Court properly considered Mr. McKoy's juvenile "dispositions" as "sentences" under the Sentencing Guidelines and § 3553(f). In accordance with federal law, the punishments Mr. McKoy received as a juvenile were sentences "imposed upon adjudication of guilt" regardless of the terminology New Jersey used to describe them.

**B**

Mr. McKoy next contends that his juvenile court dispositions cannot be counted as criminal history points because they are "diversionary." The Sentencing Guidelines provide that "[d]iversions from the judicial process without a finding of guilt (e.g., deferred prosecution) are not counted . . . a diversion from a juvenile court is not counted." U.S.S.G. § 4A1.2(f).

Only two cases have considered what constitutes a diversionary juvenile court disposition under § 4A1.2(f). In *United States v. Crawford*, 83 F.3d 964 (8th Cir. 1996), the Sixth Circuit summarily rejected the argument that a juvenile sentence of probation and community service should not be counted under § 4A1.2(f). It reasoned that the defendant "had completed the probation and community service, and thus discharged the sentence imposed." *Id.* at 966. The First Circuit addressed a similar situation in *United States v. DiPina,* 230 F.3d 477 (1st Cir. 2000). In *DiPina*, the court rejected an argument that a Rhode Island juvenile court delinquency disposition imposing an eighteen-month term in the custody of the Rhode Island Training School was a diversionary disposition. *Id.* at 483-84. The court reasoned that "[t]here was no deferral in the prosecution, adjudication, or sentencing . . . and DiPina was sentenced to imprisonment." *Id.* at 483. The court further noted that the Rhode Island statutory scheme provided for a type of juvenile disposition involving deferred prosecution, which the juvenile court chose not to employ in Mr. DiPina's case. *Id.* at 484.

Mr. McKoy seeks to distinguish his situation from the facts before the court in *DiPina*. He argues that Mr. DiPina was "sentenced" in a juvenile proceeding, whereas Mr. McKoy was subject to a "dispositional hearing." *See id.* at 481. As discussed above, the state law nomenclature for a juvenile offense is

6

irrelevant to the interpretation of the Sentencing Guidelines. *See id.* at 484 ("[I]t is federal law, not Rhode Island law, that controls the analysis of whether the heroin disposition was diversionary."). Moreover, Mr. McKoy's juvenile disposition does not fit the definition of "diversion" applied in *DiPina* because there was "[n]o deferral in the prosecution" at Mr. McKoy's dispositional hearing. *Id.* at 483. New Jersey law, like the Rhode Island law in *DiPina,* provides for a type of deferred prosecution disposition, which the juvenile court did not impose on Mr. McKoy. N.J. Stat. Ann. 2A:4A-43(b) (juvenile court may adjourn entry of a disposition for up to twelve months to determine "whether the juvenile makes a satisfactory adjustment"); *DiPina*, 230 F.3d at 484. Because Mr. McKoy's juvenile dispositions did not involve any form of deferred prosecution, they were not diversionary. They were correctly included in the calculation of Mr. McKoy's criminal history points.

**C**

Finally, Mr. McKoy argues that the District Court should have treated § 3553(f) as advisory because failure to do so violates the Sixth Amendment under *United States v. Booker*, 543 U.S. 220 (2005). In *Booker*, the Supreme Court held that 18 U.S.C. § 3553(b)(1), which required courts to follow the federal Sentencing Guidelines, violated the Sixth Amendment because it made sentence enhancements dependant on facts not proved to a jury beyond a reasonable doubt. *Id.* at 249-50, 258. The Court remedied this constitutional infirmity by excising §§ 3553(b)(1) and 3742(e), effectively rendering the Sentencing Guidelines advisory. *Id.* at 259. The Court left the remainder of § 3553 in tact–including § 3553(f). *Id.* at 264-65. However, § 3553(f) states that courts "*shall* impose a sentence pursuant to the guidelines promulgated by the United States Sentencing Commission . . . without regard to any statutory minimum sentence" if certain factors are fulfilled. 18 U.S.C. § 3553(f) (emphasis added). It also requires a district court to consult the Sentencing Guidelines in order to determine the defendant's eligibility for a lower sentence. § 3553(f)(1). Mr. McKoy argues that this mandatory language forces courts to apply the Sentencing Guidelines, and thus violates *Booker*. He argues that the District Court should have treated the requirements of § 3553(f) as advisory to the extent they reference the Sentencing Guidelines.

Those courts of appeals that have considered this issue have rejected this argument. *United States v. Brehm*, 442 F.3d 1291, 1300 (11th Cir. 2006); *United States v. Barrero*, 425 F.3d 154, 157-58 (2d Cir. 2005); *United States v. Bermúdez*, 407 F.3d 536, 544-45 (1st Cir. 2005); *United States v. Payton*, 405 F.3d 1168, 1173 (10th Cir. 2005); *United States v. Vieth*, 397 F.3d 615, 620 (8th Cir. 2005). We agree with our sister courts.

*Booker* is inapplicable to situations in which the judge finds only the fact of the prior conviction. *Booker*, 543 U.S. at 244; *Apprendi v. New Jersey*, 530 U.S. 466, 489 (2000) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis added)).

> [T]he district court's findings with respect to the length of the sentence imposed also fall within the exception for the fact of a prior conviction because those facts are 'sufficiently interwoven with the facts of the prior crimes that *Apprendi* does not require different factfinders and different burdens of proof' for their determination.

*Barrero*, 425 F.3d 154, 157-58 (2d Cir. 2005). Here, the District Court found only that Mr. McKoy had been sentenced under New Jersey law. This is permitted by *Booker*. *Id.*

The authority upon which Mr. McKoy relies to argue that the District Court found facts regarding his sentences is distinguishable. In each case, *Shepard v. United States*, 544 U.S. 13 (2005), *United States v. Washington*, 404 F.3d 834 (4th Cir. 2005), and *United States v. Ngo*, 406 F.3d 839 (7th Cir. 2005), the district court found facts about the underlying circumstances of the defendant's crime. In *Shepard*, the district court examined the circumstances of the prior convictions to determine whether they were for "generic burglary." *Shepard,* 125 S. Ct. at 1257-58. In *Washington*, the court examined the prior conviction to determine

8

if it was a crime of violence. *Washington*, 404 F.3d at 836-38. Similarly, in *Ngo*, the district court considered the facts of the prior conviction to determine whether they had been consolidated for sentencing or part of a common scheme or plan. *Ngo*, 406 F.3d at 842. The court of appeals concluded that it was consistent with the Sixth Amendment for the district court to consider whether the cases had been consolidated. *Id.* at 843. The district court could make the factual determination "by resorting only to information with the 'conclusive significance' of a prior judicial record." *Id.* (quoting *Shepard*, 125 S. Ct. at 1262). However, the court held that the question whether the crimes were part of a common scheme or plan involved the type of fact-finding from which the district court was precluded. As in *Shepard*, it involved an inquiry into the circumstances of the prior conviction. *Id.* at 843. Here, the District Court was not called upon to consider the underlying circumstances of Mr. McKoy's prior sentences to determine that they counted towards Mr. McKoy's criminal history.

Interpreting § 3553(f) as advisory would effectively excise that section from the statute. *Brehm*, 442 F.3d at 1300 ("to treat calculation of safety valve eligibility criteria as advisory would, in effect, excise 18 U.S.C. § 3553(f)"). In *Booker*, the Court considered the constitutionality of the remaining subsections of § 3553, including § 3553(f), and declined to excise any except for § 3553(b)(1). *Booker*, 543 U.S. at 259 ("the remainder of the Act satisfies the Court's constitutional requirements"). Effectively excising one of the remaining subsections would be inconsistent with *Booker*. The District Court properly considered Mr. McKoy's juvenile dispositions in calculating his criminal history points under the Sentencing Guidelines, and correctly denied Mr. McKoy relief under § 3553(f).

For the foregoing reasons, we will we will affirm the judgment of the District Court.