

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-20-2006

# USA v. Mercer

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4767

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Mercer" (2006). *2006 Decisions.* Paper 430.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/430

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 05-4767
_____

UNITED STATES OF AMERICA

v.

AKIBA A. MERCER
a/k/a Michael A. Ward
a/k/a Andre Wilburn
a/k/a Michael Ward
a/k/a Akiba Abdul Mercer
a/k/a Michael Anthony Ward

Akiba A. Mercer,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 04-cr-00135)
District Judge: Honorable James F. McClure, Jr.
_____

Submitted under Third Circuit LAR 34.1(a)
September 12, 2006

BEFORE: FUENTES, FISHER, AND BRIGHT[*], Circuit Judges

(Filed: September 20, 2006)
_____

OPINION

_____

[*]Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit Court of
Appeals, sitting by designation.

_____

BRIGHT, Circuit Judge.

Akiba A. Mercer, who was convicted by a jury for (1) conspiracy to distribute and possess with intent to distribute controlled substances and (2) distribution and possession with intent to distribute cocaine, appeals only his sentence of fifty-two months' imprisonment. Mercer argues that the district court improperly enhanced his sentence based on drug quantity and his aggravated role in the offense. For the reasons set forth herein, we will affirm the district court's sentence.

Mercer first argues that the district court should have submitted the question of his role in the offense to a jury before enhancing his sentence. See U.S.S.G., § 3B1.1. Although the Supreme Court, in United States v. Booker, held that the Sixth Amendment requires the defendant to admit or a jury to find beyond a reasonable doubt the facts necessary to support a sentence exceeding the statutory maximum, the Court did not remove the trial court's ability to make factual determinations relevant to sentencing. 543 U.S. 220, 244-45 (2005). The Supreme Court remedied the Sixth Amendment concerns attendant to the Guidelines when it made the Guidelines advisory. See id. at 245. Thus, we have held after Booker that a judge may determine sentencing facts supported by a preponderance of the evidence so long as those facts are applied to an advisory, rather than mandatory, sentencing scheme. See United States v. Miller, 417 F.3d 358, 362-63 (3d Cir. 2005). At Mercer's sentencing hearing, the district court specifically recognized that the Guidelines are advisory and properly determined facts concerning Mercer's role

2

in the offense.

Mercer also argues that the evidence in his case does not support the trial court's determination of drug quantity. We review the district court's findings of fact for clear error. See United States v. McKoy, 452 F.3d 234 (3d Cir. 2006).

The district court, relying on trial testimony and sample testing, found Mercer responsible for 63.9 grams of cocaine found in his apartment or distributed to others and an additional 111.3 grams of cocaine reflected in "owe sheets." Notably, to avoid possible double counting, the judge did not consider empty knotted bags found in Mercer's trash can. With respect to marijuana, the district court evaluated the trial testimony of four witnesses to determine the quantity of marijuana.

We have previously held that sample testing and testimony may be sufficient evidence to determine drug quantity. See United States v. Dent, 149 F.3d 180, 187-88, 190-91 (3d Cir. 1998). In this case, there was ample evidence for the district court to determine drug quantity, and the court did not clearly err in sentencing Mercer based on more than twenty but less than forty kilograms of marijuana equivalency.

Accordingly, we will affirm the sentence of the district court.

_____