

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2006

# USA v. Davis

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2154

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Davis" (2006). *2006 Decisions*. Paper 217.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/217

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2154
_____

UNITED STATES OF AMERICA

v.

BRIAN DAVIS,

Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. No. 97-cr-00359-4)
District Judge: Honorable J. Curtis Joyner
_____

Submitted Under Third Circuit LAR 34.1(a)
August 16, 2006

Before:  RENDELL, AMBRO and ROTH, <u>Circuit Judges</u>

(Filed:  November 8, 2006)

_____

OPINION
_____

PER CURIAM

Brian Davis appeals the District Court's order denying his motion for sentencing

relief under 18 U.S.C. § 3582(c)(2).  As explained below, we will affirm.[1]

# I

In 1998 a jury found Davis guilty of participation in a racketeering conspiracy (18 U.S.C. § 1962(d); Count I) and two counts of conspiracy to commit murder in furtherance of racketeering activity (18 U.S.C. § 1959; Counts 9 and 10).  Because his guidelines range (life imprisonment) exceeded the statutory maximum, he received the statutory maximum sentences instead: twenty years for Count I and ten years each for Counts 9 and 10, all consecutive to each other.  (Davis subsequently pled guilty to a methamphetamine conspiracy and, as part of the agreement, dropped the pending appeal with regard to his racketeering convictions and agreed to forego attempts at collateral relief under 28 U.S.C. § 2255 and Fed. R. Civ. P. 60(b).  Davis's subsequent pro se appeal and section 2255 motion were dismissed accordingly.)

In 2006 Davis filed a motion under section 3582(c)(2), arguing that retroactive application of Amendment 591 of the United States Sentencing Guidelines requires a reduction in his sentence.  At issue is his sentence for Count 10.  The Court proceeded from USSG § 2E1.1 (Unlawful Conduct Relating to Racketeer Influenced and Corrupt Organizations), whose Application Note 2 provides that "[i]f the underlying conduct violates state law, the offense level corresponding to the most analogous federal offense is to be used."  The District Court determined that the most analogous offense was federal

---

[1] We have jurisdiction under 28 U.S.C. § 1291.  Our review is plenary.  United States v. McKoy, 452 F.3d 234, 236 (3d Cir. 2006).

first degree murder, 18 U.S.C. § 1111, resulting in the application of USSG § 2A1.1 and a base offense level of 43.

Amendment 591, effective November 1, 2000, requires that the initial selection of the offense guideline be based on the statute or offense of conviction rather than on judicial findings of actual conduct not made by the jury.  Davis argues that under Amendment 591, the starting point under the Guidelines should have been § 2E1.3 (Violent Crimes in Aid of Racketeering Activity), which instructs that the base offense level is the greater of 12 or the offense level applicable to the underlying crime or racketeering activity.  As with § 2E1.1, an Application Note provides that if the underlying conduct violates state law, the offense level corresponding to the most analogous federal offense is to be used.  According to Davis, that offense is conspiracy to murder (18 U.S.C. § 1117).  The corresponding guideline is § 2A1.5 (conspiracy or solicitation to commit murder), which would have resulted in a base offense level of 28.

The District Court denied Davis's motion without explanation.  This appeal followed.

**II**

Following Davis's argument leads to the same sentence imposed by the District Court.  As described above, Davis's guidelines analysis stops when he arrives at USSG § 2A1.5.  However, § 2A1.5(c) provides that if the offense resulted in the victim's death (as happened here), 2A1.1 (first degree murder) applies, the very result reached by the District Court.

3

Davis argues that the "cross-referencing" (as he calls it) involved in proceeding from § 2A1.5 to § 2A1.1 is prohibited by Amendment 591. However, he provides no support for this contention. While Amendment 591 directs the District Court to apply "the guidelines dictated by the statute of conviction," United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005), it does not permit the court to ignore the specific directions provided by the guidelines. Indeed, the requirements of Amendment 591 and USSG § 2A1.5(c) can coexist in this instance without tension in light of the fact that section 2A1.1 is the ultimate guideline "dictated by the statute of conviction."

In Davis's case, applying "the guideline dictated by the statute of conviction", and following the directions set forth in the guidelines as explained above, unavoidably leads to § 2A1.1. Accordingly, we will affirm the judgment of the District Court.