

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2007

# USA v. Jaime

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2404

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Jaime" (2007). *2007 Decisions.* Paper 1007.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1007

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2404
_____

UNITED STATES OF AMERICA

v.

JESSIE JAIME,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 05-cr-00034E)
District Judge:  Honorable Sean J. McLaughlin
_____

Submitted Under Third Circuit LAR 34.1(a)
May 17, 2007

Before:  FISHER and ROTH, *Circuit Judges*, and RAMBO,* *District Judge*.

(Filed: June 5, 2007)
_____

OPINION OF THE COURT
_____

---

*The Honorable Sylvia H. Rambo, United States District Judge for the Middle
District of Pennsylvania, sitting by designation.

FISHER, *Circuit Judge*.

Jessie Jaime pleaded guilty to one count of possessing with the intent to distribute and distributing five or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii). Although he requested that the District Court consider the 100:1 sentencing disparity between crack cocaine and powder cocaine offenses, the Court determined that it did not have the authority to do so. For the reasons that follow, we will vacate the sentence imposed by the District Court and remand for resentencing.

I.

As we write only for the parties, we will forgo a lengthy recitation of the factual and legal background to this case. On May, 17, 2005, an informant working with the Erie Area Gang Law Enforcement Task Force placed a phone call to Jaime to arrange the purchase of one ounce of crack cocaine. Later that day, Jaime provided the informant with one ounce of crack cocaine in exchange for $1,000. The entire transaction was monitored by law enforcement officials, and Jaime was arrested after the sale had been completed.

On July 13, 2005, a grand jury returned a one-count indictment charging Jaime with possessing with the intent to distribute and distributing five or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii). Jaime pleaded guilty to the indictment on October 6, 2005.

2

During sentencing, Jaime filed a petition in which he agreed that the advisory range under the United States Sentencing Guidelines ("Guidelines") for his offense was 84 to 105 months. However, he argued that his sentence should be reduced based on the unfairness of the 100:1 ratio between the advisory Guidelines range for crack cocaine and powder cocaine offenses. In response, the Government argued that the District Court was not free to substitute its policy judgment on this matter for that of Congress.

On April 7, 2006, the District Court concluded that it did not have the authority to vary from the relevant advisory Guidelines range based on a determination that the disparity between crack cocaine offenses and powder cocaine offenses was unfair. Accordingly, it sentenced Jaime to a term of 88 months imprisonment, followed by 4 years of supervised release. This appeal followed.

## II.

We exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). When reviewing a district court's imposition of a sentence, we exercise plenary review over a its interpretation of the Guidelines and constitutional determinations. *United States v. McKoy*, 452 F.3d 234, 236 (3d Cir. 2006).

## III.

Jaime's one argument on appeal is that the District Court erred by concluding that it did not have the legal authority to consider the Sentencing Commission's view that the 100:1 crack to powder cocaine ratio overstates the seriousness of crack offenses and

creates unwarranted disparity. Based on our recent holding in *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006), we agree.

In *Gunter*, we explained that one of the ways a sentencing court can violate *Booker* is "by applying the Guidelines mandatorily (even though the resulting sentence was calculated solely upon facts that were admitted by the defendant, found by the jury, or based upon a prior conviction), as *Booker* makes them no more than advisory." *Id.* at 247. There, we concluded that, even though the district court had correctly calculated the proper Guidelines range and considered the motions of both parties related to departures, it had failed to "exercise[] [its] discretion by considering the relevant [§ 3553(a)] factors," because it determined that it lacked the authority to consider whether the 100:1 crack to powder cocaine ratio was unfair in assessing a sentence. *Id.* (quoting *United States v. King*, 454 F.3d 187, 194 (3d Cir. 2006)) (internal quotation marks omitted). By so doing, "the Court [effectively] treated the crack cocaine Sentencing Guidelines as mandatory and not advisory." *Id.*

This is precisely what happened in the instant case. Because Jaime's sentencing occurred prior to our decision in *Gunter*, the District Court concluded that it did not have the authority to consider the sentencing differential between crack and powder cocaine offenses. The Government's arguments to the contrary are unavailing. As "[p]ost-*Booker* a sentencing court errs when it believes that it has no discretion to consider the crack/powder cocaine differential incorporated in the Guidelines – but not

4

demanded by 21 U.S.C. § 841(b) – as simply advisory" when "imposing the actual sentence after considering the relevant § 3553(a) factors," *id.* at 249, we conclude that the District Court erred in this case.[1]

IV.

For the foregoing reasons, we will vacate the sentence imposed by the District Court and remand for resentencing.

---

[1]Of course, as we did in *Gunter*, we emphasize here that "the District Court is under no obligation to impose a sentence below the applicable Guidelines range solely on the basis of the crack/powder cocaine differential." 462 F.3d at 249. Nor do we "suggest (or even hint) that the Court categorically reject the 100:1 ratio and substitute its own, as this is *verboten*." *Id.* We remand simply so that the District Court may consider arguments that it believed it could not consider during the initial sentencing proceeding.