

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2007

# USA v. Rouse

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4035

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Rouse" (2007). *2007 Decisions.* Paper 983.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/983

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4035
_____

UNITED STATES OF AMERICA

v.

SPENCER ROUSE,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 04-cr-00179)
District Judge:  Honorable Maurice B. Cohill, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
May 15, 2007

Before:  FISHER, NYGAARD and ROTH, *Circuit Judges*.

(Filed: June 8, 2007)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

After pleading guilty to one count of possession of a firearm by a convicted felon

in violation of 18 U.S.C § 922(g)(1), Spencer Rouse ("Rouse") was sentenced to an

84-month term of imprisonment, followed by three years of supervised release.  He now

appeals that sentence, claiming that the District Court erred when it increased his base offense level under the United States Sentencing Guidelines ("Guidelines") by two levels for possessing a stolen firearm, *see* U.S. Sentencing Guidelines Manual § 2K2.1(b)(4). For the reasons set forth below, we will affirm the District Court's judgment of sentence.

I.

Because we write only for the parties who are familiar with the factual and legal background to this case, we will set forth only those facts necessary to our analysis. Pittsburgh police arrested Rouse after they saw him remove a handgun from the waistband of his pants and place it on the floor of his pickup truck. After recovering the weapon, a Ruger .45 caliber, semiautomatic pistol, police performed an NCIC check, which revealed that the gun had been reported stolen in November of 2001. Based on this information, a federal grand jury charged Rouse in a one-count indictment alleging he violated 18 U.S.C. § 922(g)(1) by being a convicted felon in possession of a firearm. Rouse pleaded guilty.

Prior to Rouse's sentencing, the United States Probation Office prepared a pre-sentence report, which included Rouse's Guidelines calculation. Rouse began with a base offense level of 24. The Probation Office then suggested a two-level enhancement based on Guidelines § 2K2.1(b)(4) because the firearm was stolen. After reducing Rouse's base offense level by three levels for acceptance of responsibility pursuant to

2

Guidelines § 3E1.1, Rouse's total base offense level was 23.  With a criminal history category of VI, Rouse's suggested Guidelines range was between 92 and 105 months.

Rouse objected to the two-level enhancement under § 2K2.1(b)(4), claiming that the Government should have to prove that he knew that the firearm was stolen before the enhancement would apply.  At the sentencing hearing, the Government presented the content of a police report which stated how it had been discovered that the gun was stolen.  Rouse also objected to the report, arguing it was insufficient to prove the gun was stolen, as no witness took the stand to testify regarding the police report or the fact that the weapon was stolen.[1]  He argued that the owner of the gun could have reported it "stolen" for some reason other than the fact that it was actually stolen.  The District Court rejected both arguments and found that a two-level increase was appropriate under § 2K2.1(b)(4).  However, the District Court did find that Rouse's Criminal History Category should be V, not VI, resulting in an advisory Guidelines range of 84-105 months.  The District Court sentenced Rouse to 84 months.

This timely appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).  When reviewing a District Court's imposition of a sentence, we review its

---

[1]Rouse does not appeal the District Court's determination that the police report was sufficient evidence to prove that the gun was stolen.

3

factual findings for clear error, overturning them only where a review of the entire record provides a "definite and firm conviction that a mistake has been committed." *United States v. Grier*, 475 U.S. 556, 570 (3d Cir. 2007) (en banc) (internal quotation marks and citations omitted). However, we exercise plenary review over a District Court's interpretation of the Guidelines and constitutional determinations. *United States v. McKoy*, 452 F.3d 234, 236 (3d Cir. 2006). We review the ultimate sentence imposed for reasonableness. *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006).

III.

Rouse presents a single issue on appeal. He argues that in order to enhance a defendant's sentence pursuant to Guidelines § 2K2.1(b)(4), the government must prove that the defendant knew that the firearm he possessed was stolen. Guidelines § 2K2.1(b)(4) states "[i]f any firearm was stolen, increase by 2 levels . . . ." U.S. Sentencing Guidelines Manual § 2K2.1(b)(4). Application note 16 instructs district courts to apply the enhancement even if the government does not prove that the defendant knew the firearm was stolen. *Id.* § 2K.2.1(b)(4) cmt. n.16.[2]

Rouse correctly notes that we addressed this issue in the 1992 case of *United States v. Mobley*, 956 F.2d 450 (3d Cir. 1992). In *Mobley*, the defendant's sentence was enhanced by two levels for possessing a stolen firearm despite the fact that the

---

[2]The note regarding strict liability was located at note 16 in the 2005 edition of the Guidelines, which was used to calculate Rouse's sentence. It is located at note 8 in the current Guidelines manual.

4

government presented no evidence, and the district court made no finding, that the defendant was aware that the firearm had been stolen. *Id.* at 451. We rejected both Mobley's statutory construction and constitutional arguments, finding that the plain language of § 2K2.1(b)(4) did not include a scienter requirement and that, even without such a requirement, § 2K2.1(b)(4) was constitutional. *Id.* at 452-58.

Of particular importance to the case now before us is what we said regarding Mobley's Fifth Amendment challenge. Mobley argued that, without a scienter requirement, § 2K2.1(b)(4) violated the Due Process Clause because it created a new statute that punished him for conduct of which he had not been found guilty. *Id.* at 454. We rejected that argument, finding that "Mobley confuses the fundamental distinction between conviction and sentencing." *Id.* at 455. Because the sentencing enhancement did not take Mobley's sentence above the statutory maximum, it was not an element of the crime. *Id.* at 457. Mobley was not being punished for possessing a stolen firearm. Rather, "the district court enhanced his sentence *for violating § 922(g)*." *Id.* (emphasis in original).

*Mobley* is determinative of the issue before us. However, Rouse argues that *Mobley* is no longer good law in the face of the line of Supreme Court decisions which culminated in *United States v. Booker*, 543 U.S. 220 (2005). Rouse reads *Apprendi v. New Jersey*, 530 U.S. 466 (2000), as standing for the proposition that there is no distinction between an element of a felony offense and a sentencing enhancement.

5

However, the portion of *Apprendi* to which Rouse cites is merely a description of the historical fact that there was no distinction between a sentencing enhancement and an element of a crime at the time of our Nation's founding. *Id.* at 478. Nothing in *Apprendi* eliminates the ability of a sentencing judge to consider facts not included in the indictment when imposing a sentence, so long as that sentence is at or below the statutory maximum.

The same is true for *Booker*. *Booker* held that the Guidelines, which were mandatory as written, violated the Sixth Amendment as they allowed the judge to increase a defendant's sentence beyond the maximum sentence laid out by statute. 543 U.S. at 248-49. Therefore, the Supreme Court excised the portions of the Sentencing Reform Act that made the Guidelines mandatory, resulting in an advisory Guidelines system that is but one factor a judge should consider when imposing sentence. *Id.* at 259-65. While this decision reinforced the importance of the jury's role in criminal convictions and sentencing determinations, it did not eliminate the distinction between sentencing factors and the elements of a crime. Rather, post-*Booker*, when calculating a defendant's advisory Guidelines range, a district court is to follow the Guidelines just as it had done pre-*Booker*. We have repeatedly stated that in doing so, district courts should continue to consider our pre-*Booker* case law. *United States v. Charles*, 467 F.3d 828, 830-31 (3d Cir. 2006) (quoting *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006)).

We find nothing in *Apprendi* or *Booker* which undermines our previous decision in *Mobley*. Enhancements pursuant to § 2K2.1(b)(4) do not have a scienter requirement. This decision comports with decisions of our sister circuits who, while not directly addressing the issue, have continued to allow district courts to apply sentencing enhancements that lack scienter requirements. *See*, *e.g.*, *United States v. Brazinskas*, 458 F.3d 666, 668-69 (7th Cir. 2006) (holding, post-*Booker*, that the district court appropriately enhanced the defendant's sentence pursuant to Guidelines § 3B1.3, use of a minor, without requiring scienter); *United States v. Ellsworth*, 456 F.3d 1146, 1149-51 (9th Cir. 2006) (holding that § 2K2.1(b)(4) does not have a scienter requirement). Based on this discussion, we find that, because the District Court properly found by a preponderance of the evidence that the firearm that Rouse possessed was stolen, the two-level enhancement pursuant to § 2K.2.1(b)(4) was appropriate.[3] *Grier*, 475 F.3d at 567 (holding preponderance to be the appropriate standard for factual determinations). Therefore, we will affirm the District Court's judgment of sentence.

---

[3]We also find that the final 84-month sentence was reasonable under the factors set forth in 18 U.S.C. § 3553(a).