KENNEDY, Circuit Judge.
Petitioner Edmund Phillips appeals the denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, asserting that (1) he was denied effective assistance of counsel because his attorney did not challenge the sentencing court’s calculation of his criminal history category, and (2) the district court erred in refusing his request for an evidentiary hearing. For reasons that follow, we AFFIRM this decision.
*91 BACKGROUND
On March 19, 2001, petitioner Edmund Phillips (“Phillips”) pled guilty to three counts of armed bank robbery, in violation of 18 U.S.C. § 2118(d), and one count of carrying a firearm in connection with violent felony, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Phillips was sentenced to 192-months on each of the bank robbery charges, to be served concurrently, and to 120-months on the gun possession charge, to be served consecutively.
Phillips was represented during the sentencing phase by an assistant federal public defender. Counsel did not object to the application of the Sentencing Guidelines, even conceding that “there is a lot of [criminal] history there.” When asked by the court whether Phillips objected to any factual matter in the PSR, counsel said he did not. The district court overruled the only legal objection raised, which pertained to the six-level enhancement to one of the robbery counts under U.S.S.G. § 2B3.1(b)(2)(B) according to a provision applying “if a firearm was otherwise used” during the course of the robbery.
At sentencing, there was no other objection to the Presentence Investigation Report (“PSR”). The district court sentenced Phillips using Criminal History Category V, as recommended in the PSR. Six of the ten criminal history points calculated by the PSR are attributable to juvenile convictions.[1] One point was assessed for breaking and entering from a June 28, 1994 charge. The PSR states that “[a]c-cording to juvenile court records, Mr. Phillips waived representation by an attorney.” The record is silent as to whether he waived counsel in writing or whether his parents consented to the waiver. The PSR provides that the petition was found to be true, the judge made fourteen-year-old Phillips a ward of the court, and Phillips was sentenced to placement at home on probation and at the Kentfields program. The order of disposition notes that defendant’s mother was present at the sentencing hearing.
Phillips received a second criminal history point for malicious destruction of property, providing false information to a police officer, and violating curfew, pursuant to a December 18, 1994 incident. The PSR again reflects that Phillips waived counsel. Again, the record does not reflect whether the minor was in custody or whether his parents consented to the waiver. The juvenile court found the counts in the. petition to be true, and the judge ordered that Phillips continue to be a ward of the court. He was discharged from probation after successful completion of his diversionary program.
Finally, Phillips received two points for armed robbery in an August 9, 1995 juvenile charge, as well as an additional two points for commission of the instant offense while on probation for his related sentence, pursuant to U.S.S.G. § 4A1.1(d). The PSR reflects that Phillips was represented by counsel and entered a guilty plea as to the robbery count pursuant to a plea agreement. (See also J.A. 152) Three other counts against Phillips were dismissed. He was sentenced as a juvenile, committed to the Michigan Department of Social Services as a state ward, put on probation, and placed at the W.J. Maxey Boys Training School. Defendant was later referred to a halfway house in Lansing, *92 Michigan, then to the Wedgwood Advanced Community Living Program, and ultimately discharged from temporary court wardship at the age of 19. These are just a few items from a lengthy list of Phillips’s prior experiences with the criminal justice system that begins when he was 13 years old.
On June 29, 2001, Phillips filed a timely notice of appeal from both of his convictions, arguing only that the district court should have increased his base level for the armed robbery by five levels for “brandishing a weapon” rather than six for “otherwise use” of a weapon, an argument this court rejected in its August 5, 2002 opinion affirming the district court. United States v. Phillips, 42 Fed.Appx. 743 (6th Cir.2002).
On July 11, 2003, Phillips filed the instant motion to correct or vacate his sentence, pursuant to 28 U.S.C. § 2255, alleging that the aforementioned juvenile convictions were uncounseled and his counsel was ineffective for failing to challenge the use of these prior juvenile convictions as part of his Sentencing Guidelines computation, both at the sentencing hearing and on appeal.[2] He also asserted that no criminal history point should have been added for the March 5, 1996 offense that he committed as a juvenile because he received a diversionary sentence from the juvenile court.
In an order issued August 11, 2003, the district court denied the § 2255 motion as to the issue of the misapplication of the enhancement for “otherwise us[ing] a firearm.” The district court ordered the government to respond to petitioner’s challenge to the use of the juvenile convictions and petitioner’s ineffective assistance of counsel claim as it pertained to the use of uncounseled prior juvenile convictions. In its response, the government argued that the district court should “obtain an affidavit from petitioner Phillips’ sentencing attorney to determine what advice was given or relied upon with regard to the criminal history sentencing issue” and “[i]f petitioner Phillips’ sentencing attorney correctly determined that the challenged prior convictions were properly ‘counted’ under the Sentencing Guidelines, then his ineffective assistance claim must fail.” The government also reviewed the merits of the claim and requested summary dismissal, noting that “petitioner has failed to allege that he ever challenged the validity of his juvenile convictions” and “[a] bare allegation that the juvenile defendant does not recall the waiver or did not understand the waiver is insufficient.” See United States v. Early, 77 F.3d 242, 245 (8th Cir.1996).
The district court entered orders denying the § 2255 motion on the merits, a subsequent motion for reconsideration of the § 2255 motion, and a request for a certificate of appealability. Phillips appealed the denial of the certificate of appealability, and, on November 22, 2005, this court granted a certificate on the following limited issue:
[Wjhether Phillips was denied the effective assistance of counsel because his attorney did not effectively challenge the sentencing court’s calculation of his criminal history category, based in part on prior juvenile convictions in cases where he had not been represented by counsel.
The court also appointed counsel to address this issue and denied the certificate of appealability application in all other respects.
*93 ANALYSIS
Phillips appeals the denial of his § 2255 motion. To seek relief under § 2255, a prisoner “must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.” Mallett v. United States, 334 F.3d 491, 496-97 (6th Cir.2003) (citation omitted). Phillips asserts two issues on appeal. He argues that the district court erred in failing to find Phillips’s counsel to have performed ineffectively due to his counsel’s failure to challenge the use of allegedly uncounseled juvenile convictions and diversionary sentences in the calculation of criminal history. Phillips also argues that the district court erred in refusing to hold an evidentiary hearing to further investigate such issues. We review a district court’s denial of a § 2255 motion de novo, while examimng the findings of fact under a “clearly erroneous” standard. Moss v. United States, 323 F.3d 445, 454 (6th Cir.2003). “Ineffective assistance of counsel claims are mixed questions of law and fact” and thus warrant de novo review. Mallett, 334 F.3d at 497. Finally, we will reverse a district court’s decision not to hold an evidentiary hearing only if that court abused its discretion. Williams v. Bagley, 380 F.3d 932, 977 (6th Cir.2004). Because we agree with the district court that the record indicates that counsel did not err in not challenging the use of the juvenile convictions in the criminal history calculation and sufficient evidence exists in the record to support the district court’s decision such that an evidentiary hearing was not required to arrive at this conclusion, we affirm.
I.
On appeal, Phillips devotes the bulk of his brief to his argument that his counsel performed ineffectively by “failfing] ... to make appropriate objections to the PSR’s calculation of Phillips’ criminal history category.” In order to raise a viable ineffective assistance of counsel claim, Phillips must demonstrate that he satisfies the two-prong test articulated in Strickland v. Washington by showing that (1) “counsel’s representation fell below an objective standard of reasonableness” and (2) “there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We agree with the district court’s determination that Phillips has failed to prove that his counsel erred within the meaning of the first prong of Strickland by not challenging the use of certain juvenile convictions for the criminal history sentencing calculation.
In rejecting Phillips’s argument that his counsel should have challenged the use of particular juvenile convictions because they were uncounseled, the district court found that the record did not factually support Phillips’s assertions that he was deprived of his right to counsel in any of these juvenile proceedings. The court first noted that, as part of the federal PSR process, Phillips himself filled out a form provided to the probation officers indicating that he had counsel or waived counsel for each of the three prior juvenile convictions in question. Second, the court remarked that Michigan law has long provided counsel to juveniles in its proceedings. Third, the judge observed juvenile court records indicating that Phillips waived counsel as to the 1994 breaking and entering proceedings, waived counsel as to the 1994 malicious destruction of property proceedings, and was represented by counsel for the purposes of the 1995 armed robbery conviction. Finally, the judge noted that Phillips assured the court that he had *94 discussed the PSR with his counsel, confirming that he had no objection to the factual matter in the report.
We agree with the district court that Phillips’s mere assertion that he did not recall making these waivers of counsel was “insufficient to sustain his burden of proving that the waiver was not knowingly and willingly made.” After surveying the wealth of documentary evidence in the record contravening Phillips’s assertion, the court declared that “counsel, as well as the court, should be allowed to rely upon a petitioner’s own assertions as to his background, especially in the added light of a Pre-sentence Investigation Report and file which shows either counsel or waiver.” There is no testimony or sworn affidavit in the record asserting that Phillips did not understand the waivers that he was providing, nor is there any evidence that would indicate that any of the documents included are invalid. Based on our survey of the evidence of the waivers of counsel as to the two 1994 juvenile offenses and the provision of counsel as to the 1995 offense that are in the record, we share in the district court’s conclusion that Phillips has failed to show that his counsel was ineffective in not challenging the use of the juvenile convictions. In light of the quantity of paper evidence, including documents that Phillips himself completed or failed to challenge when given the opportunity, it is puzzling to this court that the dissent feels that “there is simply no evidence of a valid waiver of the right to counsel.” Dissent at 1119. Even if we were to accept the dissent’s assertion that “the record is inconclusive and does not indicate whether the Petitioner waived counsel under the appropriate procedural mechanisms,” Dissent at 1122, we still could not agree with the dissent’s position that “a determination on the validity of Petitioner’s waiver is simply not possible on this record.... ” Dissent at If 23. All documents before us indicate that Phillips’s right to counsel was honored; petitioner has not met his burden of proving otherwise.[3]
Phillips also asserts on appeal that counsel was ineffective in failing to challenge the. criminal history calculation’s inclusion of juvenile convictions that he asserts were dispensed with in a diversionary manner. (J.A. at 118).[4] According to the law of this circuit, juvenile delinquency adjudications may be included in a defendant’s criminal history calculation when computing a sentence. United States v. Williams, 176 F.3d 301, 311 (6th Cir.1999). Phillips correctly notes that § 4A1.2(f) of the Guidelines excepts diversionary sentences given in juvenile court from inclusion in the sentencing calculation.
A diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial *95 proceeding is counted as a sentence under § 4Al.l(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted.
U.S.S.G. § 4A1.2(f). Thus, the relevant question becomes whether Phillips’s sentences for the June 28, 1994, December 18, 1994, and August 9, 1995 offenses are diversionary for the purposes of the Sentencing Guidelines. No definition of a diversionary sentence is included in the Sentencing Guidelines provision itself. Though Phillips would have us look to Michigan law to determine what renders a sentence diversionary, we use federal law to elucidate the meaning of this Guidelines term. United States v. DiPina, 230 F.3d 477, 483-84 (1st Cir.2000); see Williams, 176 F.3d at 311 (indicating that in interpreting the Sentencing Guidelines to determine what constitutes a “prior sentence” for the purpose of U.S.S.G. § 4A1.2(d)(2), courts must look to federal, not state law). According to United States v. McKoy, “[ojnly two cases have considered what constitutes a diversionary juvenile court disposition under § 4A1.2(f).” 452 F.3d 234, 238 (3d Cir.2006). In McKoy, the Third Circuit found that the sentencing court had correctly assessed four criminal history points for past juvenile adjudications that had resulted in the defendant’s receipt of varying combinations of probation, fines, community service, and counseling. Id. at 236. In doing so, the court first looked to United States v. Crawford, wherein the Eighth Circuit rejected the argument that a juvenile sentence of probation and community service should not be counted under § 4A1.2(f). 83 F.3d 964, 966 (8th Cir.1996). Then, it examined the First Circuit’s rejection of an argument that a juvenile court delinquency disposition imposing an eighteen-month term in the custody of the Rhode Island Training School was a diversionary disposition in United States v. DiPina, 230 F.3d at 483-84. Ultimately, the McKoy court determined that “[bjecause Mr. McKoy’s juvenile dispositions did not involve any form of deferred prosecution, they were not diversionary. They were correctly included in the calculation of Mr. McKoy’s criminal history points.” McKoy, 452 F.3d at 239.
Applying this reasoning, we find that it was appropriate for Phillips’s sentencing court to include points for the June 28, 1994, December 18, 1994, and August 9, 1995 offenses in the criminal history calculation. There is no indication that prosecution of any these crimes was deferred. Rather, the counts in the petitions for the June 28 and December 18, 1994 offenses were found true, and, accordingly, Phillips was sentenced to be a ward of the court and participate in the Kentfields program. Pursuant to the August 9, 1995 charge, Phillips entered a guilty plea, was given probation, and was placed at the W.J. Maxey Boys Training School. Even though these sentences encompass probation and enrollment in training schools, in the absence of deferred prosecution, we find that these sentences are not diversionary dispositions within the meaning of § 4A1.2(f).
II.
Additionally, we find that the district court did not abuse its discretion by denying Phillips’s request for an evidentiary hearing, as the trial record is sufficient to conclude that counsel was not ineffective in failing to challenge the computation of defendant’s criminal history. The district court reasonably concluded, based upon the compilation of court forms indicating that defendant’s right to counsel had not been violated, that no evidentiary hearing *96 was necessary to explore the issue.[5] No factual issue requiring an evidentiary hearing remains in dispute. We must abide by the restrictive conditions for granting an evidentiary hearing that are outlined in § 2254(e)(2) and respect “Congress’ intent to avoid unneeded evidentiary hearings in federal habeas corpus.” Williams v. Taylor, 529 U.S. 420, 436, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000).
CONCLUSION
For the foregoing reasons, we AFFIRM the district court’s dismissal of petitioner’s § 2255 motion to vacate, set aside or correct his sentence.

. Defendant in his brief argues that four of the ten are based on prior convictions, apparently not including the two points assessed for commission of armed robbery while on probation for a prior juvenile offense. See infra. Regardless of the precise formulation, finding any of these three convictions to be inappropriate for consideration would drop Petitioner at least one point and into to a lower criminal history category.

. Defendant also alleged in his § 2255 petition that the court had misapplied the 2000 amendment to the sentencing guideline enhancement for possession or use of a firearm. Phillips does not appeal the district court's rejection of this argument.

. It is almost as if the dissent is shifting the burden to the government to prove that petitioner fully received his right to counsel. The dissent's apparent suspicion of the records before the court is not only puzzling because of this unconventional allocation of burdens but also because of its apparent skepticism of the veracity of the juvenile court documents' indications of waivers or provision of counsel. Nevertheless, the dissent trusts these same documents for evidence offered to support Phillips’s contention that he received diversionary sentences pursuant to certain juvenile proceedings. See infra.

. Although Phillips's § 2255 motion only flags the March 5, 1996 sentence (which was offered to defendant after he pled guilty to the August 9, 1995 armed robbery offense) as improperly included in light of its diversionary nature, and his appellate brief does not refer to this sentence, but rather to the June 28, 1994 and December 18, 1994 charges, we will construe the motion to include this argument broadly so as to encompass all three charges, as the same rationale for dismissing the challenge applies to each one.

. The dissent appears troubled by the inclusion of these state court documents in the district court record. However, neither of the parties challenge their inclusion, and, as noted above, both parties rely upon them and accept their validity as to content that supports their respective cases.