**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2639

_____

UNITED STATES OF AMERICA

v.

KRAIG M. TROTTER,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-21-cr-00787-001)
District Judge: Honorable Georgette Castner

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on June 26, 2023

Before: JORDAN, KRAUSE, and MONTGOMERY-REEVES, *Circuit Judges*

(Filed: July 7, 2023)

_____

**OPINION**[*]

_____

KRAUSE, *Circuit Judge*.

Kraig Trotter challenges the 121-month sentence he received after pleading guilty

to possession with intent to distribute methamphetamine and conspiracy to possess with

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

intent to distribute methamphetamine, MDMA, and GBL.[1]  Discerning no error, we will

affirm.

## I.     DISCUSSION[2]

Although Trotter contests both the procedural and substantive reasonableness of

his sentence, his objections are unavailing.

A sentence is procedurally reasonable if the district court properly calculated the

applicable Sentencing Guidelines range, evaluated any motions for departure, and

considered the 18 U.S.C. § 3553(a) factors.  *Seibert*, 971 F.3d at 399.  When a sentence is

procedurally reasonable, it is substantively reasonable unless "no reasonable sentencing

court would have imposed the same sentence on that particular defendant for the reasons

the district court provided."  *United States v. Shah*, 43 F.4th 356, 367 (3d Cir. 2022)

(quoting *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc)).  And "if

the sentence is within the applicable Guidelines range, we may presume it is reasonable."

*Pawlowski*, 27 F.4th at 912.

Trotter raises two challenges to the procedural reasonableness of his sentence.

First, he contends the District Court erred in calculating his criminal history score for

---

[1] MDMA refers to 3,4-methylenedioxymethamphetamine and GBL refers to gamma-butyrolactone.  *See Drug and Chemical Information*, DEA (last visited June 23, 2023), https://www.deadiversion.usdoj.gov/drug_chem_info/index.html.

[2] The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  In reviewing a sentence, we defer to a district court's factual findings unless they are clearly erroneous and consider its legal rulings de novo.  *United States v. Seibert*, 971 F.3d 396, 399 (3d Cir. 2020).  We review the procedural and substantive reasonableness of a sentence for abuse of discretion.  *United States v. Pawlowski*, 27 F.4th 897, 911 (3d Cir. 2022).

U.S.S.G. § 4A1.1 by including his 2010 conviction under New Jersey law for possessing a controlled substance and failing to deliver it to the nearest law enforcement officer. *See* N.J. Stat. Ann. § 2C:35-10(c). According to Trotter, the District Court should have excluded that conviction because New Jersey law categorizes that crime as a mere "disorderly persons offense," *id.*, that "shall not give rise to any disability or legal disadvantage," N.J. Stat. Ann. § 2C:1-4(b). But "[i]n determining what constitutes a 'prior sentence' under the Sentencing Guidelines, courts must look to federal, not state law." *United States v. McKoy*, 452 F.3d 234, 237 (3d Cir. 2006). Federal law does not limit the consequences of disorderly persons offenses, so the District Court correctly included Trotter's 2010 conviction when calculating his criminal history score.[3]

Second, Trotter asserts that the District Court failed to consider his struggles with mental illness and the conditions of his pre-trial detention. We disagree. The District Court explicitly acknowledged Trotter's "mental health issues" and difficult "conditions of incarceration" when weighing the § 3553(a) factors. App. 171.

As Trotter's sentence was both procedurally reasonable and within the Guidelines range, *see id.* at 149, we may presume that sentence was substantively reasonable, *Pawlowski*, 27 F.4th at 912. While Trotter argues that the District Court should have granted a downward variance based on his mental health and conditions of detention, "a

---

[3] Trotter also suggests that this difference between federal and New Jersey law renders U.S.S.G. § 4A1.1 ambiguous, so the rule of lenity applies. But apart from his own confusion, Trotter has not offered any reason to conclude the text of § 4A1.1 is "so grievously ambiguous or uncertain as to implicate the rule of lenity." *United States v. Lewis*, 58 F.4th 764, 771 (3d Cir. 2023). We therefore decline Trotter's "invitation to apply the rule of lenity" here. *Id.* at 770.

district court's failure to give mitigating factors the weight a defendant contends they deserve does not make a sentence substantively unreasonable." *Seibert*, 971 F.3d at 402 (quotation and citation omitted).

Trotter's final challenge fares no better. He criticizes the Guidelines for treating methamphetamine so harshly; however, we will not "vacate a sentence within the Guidelines range due to policy disagreements with the Guidelines." *Id.* Accordingly, Trotter's substantive objections are meritless.

## II.    CONCLUSION

For the foregoing reasons, we will affirm the judgment of the District Court.